## Walden v. Cumberland Railroad Company.

(Decided June 11, 1918.)

### Appeal from Knox Circuit Court.

Master and Servant—Federal Employers' Liability Act—Evidence Not sufficent to Show Servant Engaged in.—A servant of a railroad who was injured while walking on the tracks on his way to repair a dwelling house occupied as a residence by the general manager of the railroad company was not, at the time, employed by the railroad company in interstate commerce, or in a service so closely related thereto as to be a part thereof.

B. B. GOLDEN for appellant.

BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The opinion on a former appeal of this case, which may be found in 166 Ky. 371, states the facts so fully that it is not necessary to repeat them here. In the former opinion the case, on the appeal of the railroad company, was reversed with directions to instruct the jury to find for it on the evidence found in that record. On a return of the case, the appellant, Walden, filed an amended petition setting up that at the time of the injuries he complained of, the Cumberland Railroad Company was engaged in interstate commerce, and he was employed by it in such commerce, and on this new issue,

at another trial, three witnesses were introduced by Walden seeking to establish the averments of his amended petition. The other evidence on this second trial consisted of the evidence heard on the first trial from which the former appeal was prosecuted. The result of the second trial was that the lower court directed the jury to return a verdict for the railroad company, and from that ruling the case comes here; therefore, it will only be necessary to consider the effect of the new evidence offered on the last trial which consisted entirely, as we have said, of an attempt to bring the case within the scope of the Federal Employers' Liability Act.

We do not think the new evidence sufficient to show that the railroad company was engaged in interstate commerce, but if we should be mistaken about this, it is very clear that Walden, who was injured while walking on the tracks on his way to repair a dwelling house occupied as a residence by the general manager of the railroad company, was not, at the time, employed by the company in interstate commerce, or in a service so closely related thereto as to be a part thereof.

Wherefore, the judgment is affirmed.